```
         IN THE UNITED STATES DISTRICT
        FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| EDWARD TERRERO | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | Civil No. 17-236 (JBS) |
| v. | [Cr. No. 1:16-cr-128 (JBS)] |
| UNITED STATES OF AMERICA, | **MEMORANDUM OPINION** |
| Respondent. | |

**SIMANDLE, Chief District Judge:**

This matter is before the Court upon a petition by Edward Terrero for relief under 28 U.S.C. § 2255, filed January 9, 2017, seeking to vacate the sentence imposed by this Court on September 13, 2016 in United States v. Edward Terrero, Criminal Number 16-128-01 (JBS).  Mr. Terrero pleaded guilty and was sentenced to a term of 57 months for the crime of conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. § 846.  Receiving the benefit of the safety valve under U.S.S.G. § 5C1.2, the defendant's advisory Guideline Range was determined by Total Offense Level 23 and Criminal History Category I, for a recommended range of 46 to 57 months.

The Court has preliminarily reviewed Petitioner's Section 2255 filing pursuant to Rule 4(b) of the Rules Governing Section 2255 proceedings for the United States District Courts.  Rule

4(b) provides in relevant part that the judge must promptly examine the Section 2255 motion and, "[i]f it plainly appears from the motion, and the attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving parties."

Petitioner Terrero alleges that he is entitled to relief under 18 U.S.C. § 3582(c)(2) and Amendment 782 of the U.S. Sentencing Guidelines.  He alleges that he is entitled to the two-point reduction under the provisions of Amendment 782 (effective Nov. 1, 2014) regarding drug quantities in the table at U.S.S.G. § 2D1.1(c)..

A review of the record in the underlying sentencing indicates that the Petitioner indeed received the benefit of Amendment 782 at the time of his sentencing in September, 2016, and that his Section 2255 petition has no merit, as now discussed.

This Court sentenced Mr. Terrero employing the November 1, 2015 version of the Sentencing Guidelines.  See PSI § 20.  There was no dispute, as Defendant Terrero stipulated, that he was held responsible for approximately six kilograms of heroin that were the subject of the conspiracy, and that he was a minor participant, as he also stipulated.  See PSI ¶ 4(2).  As the PSI correctly indicated, the Base Offense Level for this quantity of

heroin is 32 pursuant to U.S.S.G. § 2D1.1(c)(4), which included the Amendment 782 in question, effective November 1, 2014. Defendant received the drug-related minor role adjustment, pursuant to U.S.S.G. § 2D1.1(a)(5), further reducing his base offense level to 30.

Next, the Court recognized the stipulated adjustment for role in the offense as a minor participant, decreasing by two more levels, U.S.S.G. § 3B1.2(b), to Level 28.  PSR § 24.  The Court further found at the sentencing hearing that the defendant should receive the benefit of the safety valve under U.S.S.G. § 5C1.2(a), subtracting two additional points.  And finally, the Court awarded three points for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) & (b).  The total offense level was thus 23.

The Court also reduced Mr. Terrero's criminal history computation, finding that his criminal convictions resulted in a criminal history score of two points, placing him into Criminal History Category I.

Mr. Terrero's ultimate sentence of 57 months was within the recommended guideline range, and the Court stated its reasons in detail upon the sentencing record, which Petitioner does not dispute in this Section 2255 motion.

In short, Mr. Terrero is mistaken that he did not receive the benefit of Amendment 782.  It is quite plain that his

sentence was computed pursuant to the November 1, 2015 sentencing guidelines, which already included the Amendment 782 "Drugs-Minus-Two" reduction in § 2D1.1(c) , which had become effective November 1, 2014.

To the extent that the Section 2255 Petition also alleges that defense counsel was ineffective for permitting the alleged error under Amendment 782 to occur, citing Strickland v. Washington, 466 U.S. 668 (1984), that allegation is likewise without merit.  As explained above, Petitioner's sentence squarely applied the drug quantity table for heroin that had been enacted as of November 1, 2014, pursuant to Amendment 782. Defense counsel could not have been more effective in representing Mr. Terrero.

Accordingly, the Court will not require the United States to respond to this Petition, which will be dismissed.

The Court further finds that no certificate of appealability will issue, as reasonable jurists could not disagree as to the result.

| | |
|---|---|
| **February 22, 2017** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |